**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| ROYA COHAN and MARJAN COHAN, ) ) Plaintiffs, ) ) v. ) ) AMERICAN UNITED LIFE INSURANCE ) COMPANY, ) ) Defendant. ) ) | **CIVIL ACTION** No.  04-1252-MLB |

**MEMORANDUM AND ORDER**

This case comes before the court on defendant's motion for summary judgment. (Doc. 17)  The motion has been briefed, and is ripe for decision. (Docs. 18, 20.)  Plaintiffs seek to enforce their rights as beneficiaries under an employee welfare benefit plan governed by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001-1461.  (Doc. 13, Pretrial Order at 3-4.)  Subject matter jurisdiction arises under 28 U.S.C. § 1331 and 29 U.S.C. § 1132(a)(1)(B).  Defendant's motion is GRANTED for reasons set forth herein.

**I.  SUMMARY JUDGMENT STANDARD: FRCP 56**

Federal Rule of Civil Procedure 56(c) directs the entry of summary judgment in favor of a party who "shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if sufficient evidence exists "so that a rational trier of fact could resolve the issue either way" and "[a]n issue is 'material' if under the substantive law it is essential to the proper disposition of the claim." Adler v. Wal-Mart Stores, Inc.,

144 F.3d 664, 670 (10th Cir. 1998). In determining whether a genuine issue of material fact exists, the court "view[s] the evidence in a light most favorable to the non-moving party." Qwest Corp. v. City of Santa Fe, N.M., 380 F.3d 1258, 1265 (10th Cir. 2004) (quotation omitted). When confronted with a fully briefed motion for summary judgment, the court must ultimately determine "whether there is the need for a trial–whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). If so, the court cannot grant summary judgment. Prenalta Corp. v. Colo. Interstate Gas Co., 944 F.2d 677, 684 (10th Cir. 1991).

**II.  FACTS**

Plaintiffs are the daughters of Masud Cohan, formerly an employee of National Beef Packing Company. Masud Cohan divorced plaintiffs' mother, Marla Cohan, in September, 2001. Subsequently, he married Samantha Cohan, with whom he remained wed until his demise on January 8, 2003. (PTO at 2-3; Docs. 18 at 2-3; 20 at 1.)

While employed with National Beef, Masud Cohan participated in an employee welfare benefit plan that included, among other things, a life insurance plan. In 1994, Masud completed a beneficiary designation form in which he named his then-wife, Marla, as the primary beneficiary of his life insurance proceeds. In that same form, he designated plaintiffs as contingent beneficiaries, to receive his life insurance benefits if Marla had predeceased. (Docs. 18 exh. B; 20 at 1.)

While the record is unclear on this next matter, it appears that

-2-

Masud was aware that his health was failing.  Two days before his death, on January 6, 2003, he completed a new beneficiary designation form for his life insurance, in which he named his new wife, Samantha Cohan, as the sole beneficiary.  Then, on January 8, 2003, Masud Cohan died.  (PTO at 2; Doc. 18 exh. C.)

Defendant is the life insurance company that insured Masud Cohan. Pursuant to the January 6, 2003 designation of benefits, defendant paid the proceeds of Masud's policy, $124,349.63, to Samantha Cohan. Plaintiffs challenge defendant's determination that Samantha Cohan was the proper beneficiary.  They argue that the January 6, 2003 designation of benefits was void because it was not knowingly and intelligently executed by Masud Cohan.  Accordingly, they argue, the designation of beneficiaries from 1994 was still effective at the time of his death.  Furthermore, plaintiffs claim that the divorce decree from 2001 had the effect of terminating Marla Cohan's interest in the proceeds of the insurance, thereby entitling them to the entire sum of $124,349.63.  (PTO at 2-4.)

### III.  **ANALYSIS**

"[A] denial of benefits challenged under [29 U.S.C.] § 1132(a)(1)(B) is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989).  If the benefit plan gives the administrator or fiduciary that authority, the court must then judge the denial of benefits according to an arbitrary and capricious standard. See Kimber v. Thiokol Corp., 196 F.3d 1092, 1097 (10th Cir. 1999).

Defendant bears the burden of proving that the court should review its decision under the arbitrary and capricious standard instead of conducting a de novo review.  See Kinstler v. First Reliance Standard Life Ins. Co., 181 F.3d 243, 249 (2d Cir. 1999).  Here, defendant has not provided any of the plan provisions.  Accordingly, the court reviews the benefits determination de novo.

Defendant argues that, even if the 2003 beneficiary designation was void, thereby leaving the 1994 designation in effect at the time of Masud Cohan's death, plaintiffs still would not be entitled to recover.  As a matter of contract language, defendant points out that the beneficiary designation form specified that plaintiffs would only receive benefits if Marla Cohan predeceased Masud Cohan.  (Doc. 18 at 5.)  Since Marla Cohan is still alive, defendant continues, plaintiffs are entitled to nothing.  Id.  Plaintiffs counter that the 2001 divorce decree terminated Marla Cohan's interest in Masud's life insurance, thereby vesting them as beneficiaries in her stead.  (Doc. 20 at 2.)

The divorce decree provides, in relevant part, as follows:

> National Beef Profit Sharing Plan: The Respondent [Masud Cohan] shall receive and retain, free and clear of any right, title or interest by the Petitioner [Marla Cohan], his National Beef Profit Sharing and Savings Plan in the approximate amount of $10,000.00

(Doc. 18 exh. A at 3.)  Plaintiffs note that Masud Cohan's ERISA benefit's plan "included, among other things, a profit sharing and savings plan," along with the life insurance policy at issue here.  (Doc. 20 at 2.)  Nonetheless, plaintiffs read the above-quoted section of the divorce decree as divesting Marla Cohan of her interest in the

-4-

life insurance policy.

The court disagrees.  The quoted language from the divorce decree explicitly limits itself to the profit sharing and savings portions of the benefits plan.  Moreover, the language further identifies the object of discussion by noting that the value of the relevant plan benefits was approximately $10,000.  By contrast, plaintiff admits that the life insurance proceeds at issue here are in excess of $124,000.  Upon further review of the property disposition in the divorce decree, the court notes that two other life insurance policies were explicitly identified and disposed of.  (Doc. 18 exh. A at 3-4.) Viewed collectively, these facts lead to the conclusion that the divorce decree simply failed to address the life insurance policy under Masud Cohan's ERISA benefits plan.

Under Kansas law, the divorce decree is to specify any necessary changes to beneficiary designations.  K.S.A. 60-1610(b)(1).  Absent such language in the decree, active beneficiary designations remain unchanged by the divorce.  Cincinnati Life Ins. Co. v. Palmer, 32 Kan. App. 2d 1060, 1064-65, 94 P.3d 729, 733 (2004).[1]  Accordingly, the court finds that the divorce decree had no effect on the 1994 beneficiary designation.  Marla Cohan remained as the primary

---

[1] Curiously, plaintiffs argue that Palmer is inapposite because it was decided after the material events occurred in the present case. (Doc. 20 at 2.)  That is simply not the way the law works.  Palmer was interpreting a 1996 revision to K.S.A. 60-1610.  That revision introduced the language regarding specification of changes to beneficiary designations.  Although 60-1610 has been amended several times since 1996, the relevant language remains unchanged.  The fact that Palmer was decided after Masud Cohan's death does not change the fact that it was interpreting a statute that was in effect at the time of his death. Under plaintiffs' strained logic, the decision of this court in the present case would be a nullity, since the court's decisions necessarily post-date Masud's death.

-5-

beneficiary under Masud Cohan's life insurance policy, even after their divorce.  Thus, even if plaintiffs could prove that the later designation of Samantha Cohan as sole beneficiary was somehow void, they would not be entitled to recover under the theory presented here. Defendant's motion for summary judgment is therefore GRANTED.

A motion for reconsideration of this order pursuant to this court's Rule 7.3 is not encouraged.  The standards governing motions to reconsider are well established.  A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence.  Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992).  Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in Comeau v. Rupp.  The response to any motion for reconsideration shall not exceed three pages.  No reply shall be filed.

IT IS SO ORDERED.

Dated this __18th__ day of May 2005, at Wichita, Kansas.

s/ Monti Belot

Monti L. Belot
UNITED STATES DISTRICT JUDGE